**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JOHN PAUL CASARES #1929744** | § | |
| | § | |
| **v.** | § | **A-20-CV-594-LY-SH** |
| | § | |
| **DETECTIVE STEPHANIE SCHAFER** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
         UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court, pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules. Before the Court is Plaintiff's civil rights complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

**I.  Statement of the Case**

At the time he filed his complaint, Plaintiff was confined in the Travis County Correctional Complex. Plaintiff alleges that on October 10, 2019, Detective Stephanie Schafer of the Austin Police Department racially profiled him. As evidence of racial profiling, Plaintiff refers to the detective's arrest affidavit, in which she described Plaintiff as a Hispanic male occupying a vehicle parked near the pumps at a gas station. Plaintiff asks the Court to dismiss his pending state criminal charges, and also seeks injunctive relief, monetary damages, and a declaratory judgment.

Travis County, Texas court records show that Plaintiff was arrested for the manufacture and delivery of a controlled substance and evading arrest.[1] Plaintiff subsequently was indicted in Cause

---

[1] *See* https://public.traviscountytx.gov/aaro/Default/CaseDetails?caseNumber=621734 (last visited July 21, 2020).

No. D-1-DC-19-207087 for the manufacture and delivery of a controlled substance in penalty group 1, greater than or equal to four grams but less than 200 grams; Cause No. D-1-DC-19-207088, for the possession of a controlled substance with intent to deliver (methamphetamine 4-200 grams); Cause No. D-1-DC-19-207089, for the possession of a controlled substance with the intent to deliver (crack cocaine 1-4 grams); and Cause No. D-1-DC-19-207091, for evading arrest with a vehicle.

In her affidavit, Detective Schafer attested that she was conducting a directed patrol in the area of Montopolis Drive and East Riverside Drive on October 10, 2019. She claimed this area is known for the distribution of narcotics and other violent crimes. She observed one vehicle parked near the pumps at a gas station in the area and described the driver as a single Hispanic male. She later identified the driver as John Paul Casares (Plaintiff). According to Detective Schafer, she checked the vehicle's license plate and discovered that the vehicle had an expired registration, expired insurance, and a prior history involving narcotics in August 2019. She stated that she suspected Plaintiff was in the area to sell narcotics.

Detective Schafer attested that, as she pulled out of the parking lot in her marked police vehicle, Plaintiff quickly exited the parking lot, turned onto northbound Montopolis Drive, and turned off the headlights on the vehicle. She observed the vehicle swerving from the left to right lanes and back several times without signaling intent for a lane change. She activated her emergency lights. Detective Schafer attested that the vehicle made a slow stop and then, as she was exiting her patrol vehicle, quickly sped off. She reported that the vehicle continued to drive erratically, eventually colliding into a concrete barrier at an intersection. The detective observed Plaintiff attempting to jump out of the driver's window. According to Detective Schafer, she drew her Taser and fired at him, causing Plaintiff to fall from the window onto the ground.

Detective Schafer avers that Officer Robles, who also was present, advised her that he saw Plaintiff throw a black bag over the concrete barrier when Plaintiff tried to exit the vehicle. Detective Schafer listed the content of the black bag as follows: three small clear bags with a white rock substance (crack cocaine net weight 3.3 grams); five small clear bags with a clear crystal substance (crystal methamphetamine net weight 5.6 grams); clear wrapping containing a sticky brown substance (heroin net weight 5.9 grams); two glass vials containing 53 white bar style pills (2mg Alprazolam net weight 15.9 grams); eleven individually sealed sublingual films identified as Suboxone (buprenorphine 8 mg/naloxone 2 mg);  two black plastic bags containing a green plant substance (K2 net weight 15.9 grams); a small scale; and approximately 100 empty individual dose plastic baggies.

## II.  Discussion and Analysis

### A.  Standard under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations liberally. *See Haines v. Kerner*, 404 U.S. 519 (1972). The plaintiff's pro se status, however, does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

## B.  Racial Profiling

A claim of racial profiling is a claim that one's equal protection rights have been violated. *Whren v. United States*, 517 U.S. 806, 813 (1996) (holding that claims asserting selective enforcement of law based on race are properly brought under Equal Protection Clause and clause may be violated even if police action is acceptable under Fourth Amendment). To state a claim of racial discrimination under the Equal Protection Clause and 42 U.S.C. § 1983, a plaintiff "must allege and prove that he received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Priester v. Lowndes Cty.*, 354 F.3d 414, 424 (5th Cir. 2004) (quoting *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001)). A discriminatory purpose "implies that the decision maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group." *Id.*

Plaintiff makes only a conclusory allegation that he was profiled and does not allege he was treated differently than any similarly situated non-Hispanic motorist. Plaintiff thus fails to assert a cognizable claim for equal protection under the Fourteenth Amendment. A plaintiff's "subjective belief of discrimination, however genuine, [cannot] be the basis of judicial relief." *Elliott v. Grp. Med. & Surgical Serv.*, 714 F.2d 556, 567 (5th Cir. 1983). Accordingly, to the extent Plaintiff seeks an award of damages against Detective Schafer, Plaintiff has failed to state a claim upon which relief may be granted.

## C.  *Younger* Abstention

The remainder of the relief Plaintiff seeks is subject to application of the *Younger* abstention doctrine. The *Younger* abstention doctrine requires that federal courts decline to exercise jurisdiction when three conditions are met: "(1) the federal proceeding would interfere with an

ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012). All prerequisites for *Younger* abstention are met in this case.

### III. Recommendation

The undersigned recommends that Plaintiff's claims seeking damages against Defendant Schafer be dismissed with prejudice for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e), and that Plaintiff's remaining claims be dismissed without prejudice pursuant to *Younger* abstention.

It is further recommended that Plaintiff be warned that if, while he is a prisoner, he files more than three actions or appeals that are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

In the event that this Report and Recommendation is accepted, adopted, or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three-strikes list.

### IV. Objections

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained within this Report within fourteen (14) days after being served with a copy of the Report shall bar that party from de novo

review by the District Court of the proposed findings and recommendations and, except on grounds of plain error, shall bar the party from appellate review of proposed factual findings and legal conclusions accepted by the District Court to which no objections were filed. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

 **SIGNED** on July 21, 2020.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE